# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CC-00618-SCT

*WHITE CYPRESS LAKES WATER, INC.*

*v.*

*MISSISSIPPI PUBLIC SERVICE COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/08/96 |
| TRIAL JUDGE: | HON. THOMAS WRIGHT TEEL |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JOHN BRENMAN DONGIEUX |
| ATTORNEY FOR APPELLEE: | CAROLYN FRANCES CORLEY LYNCH |
| NATURE OF THE CASE: | CIVIL - OTHER (UTILITY RATES) |
| DISPOSITION: | REVERSED AND REMANDED - 10/2/97 |
| MOTION FOR REHEARING FILED: | 10/16/97 |
| MANDATE ISSUED: | 12/15/97 |

## EN BANC.

### PRATHER, PRESIDING JUSTICE, FOR THE COURT:

¶1. This case arises from the decision of the Mississippi Public Service Commission (the Commission) to deny a rate increase requested by White Cypress Lakes Water, Inc. (the Utility). The Utility supplies water to the fifty-eight homes in the White Cypress Lakes development (a sparsely populated, twenty-four mile area in Hancock County, Mississippi) at a base rate of $9.50 per month. The Utility, pursuant to a certificate of convenience and necessity granted by the Commission, has a monopoly on supplying water to the residents of White Cypress Lakes. The uncontroverted evidence indicates that the Utility could not adequately provide service without a rate increase. Furthermore, the Commission did not give any detailed findings of fact.

¶2. Upon due consideration, this Court holds that the denial of a rate increase was unsupported by substantial evidence and was contrary to the manifest weight of the evidence. Therefore, the case is reversed and remanded to the Commission for a determination of the amount of increase needed to render efficient and continuous service. The Commission's ruling is to be supported by detailed findings of fact, sufficient to allow appellate review.

## STATEMENT OF THE CASE

¶3. On March 24, 1994, the Utility applied to the Commission to increase the base, monthly rate of

White Cypress Lake residents from $9.50 to $20.00, for a total increase of $11.50 per month. Thereafter, the Mississippi Public Utilities Staff (the Staff) conducted a routine investigation into the legitimacy of the proposed rate increase. The Staff suggested that the requested rate increase of $11.50 per month was too great, but that an increase of $4.50 per month was justified. In view of the Staff's determination that increasing the base, monthly rate to $14.00 would be appropriate, the Utility decided not to pursue the proposed $11.50 increase any further. The Staff and the Utility then stipulated that a rate increase of $4.50 per month was needed.

¶4. At the subsequent hearing before the Commission, representatives from both the Utility and the Staff testified that a rate increase of $4.50 per month was necessary, in order for the Utility to avoid operating at a loss. The $9.50 monthly, base rate had not been increased in five years. Three residents of the White Cypress Lakes area intervened and testified against the proposed increase; however, the residents only testified that the proposed increase was too great, and some even admitted that a lesser increase was probably appropriate. There was some testimony regarding poor service by the Utility. Primarily, the residents felt that the Utility should flush the water lines more frequently and should respond to reported problems more promptly.

¶5. At the close of the testimony, the Commission found that the Utility was providing poor service to its customers. As a result, the Commission denied the Utility any rate increase. The Utility appealed to the Chancery Court of Hancock County, and the chancellor affirmed the ruling of the Commission. The Utility now appeals to this Court, and raises several issues for consideration, which can be summarized as follows:

**I. WHETHER THE COMMISSION'S DENIAL OF THE PROPOSED RATE INCREASE WAS SUPPORTED BY SUBSTANTIAL EVIDENCE?**

**II. WHETHER THE COMMISSION MADE SUFFICIENT FINDINGS OF FACT IN REACHING THE CONCLUSION THAT THE RATE INCREASE SHOULD BE DENIED?**

## LEGAL ANALYSIS

¶6. The standard of review applicable to utility rate cases is quite limited:

> The Court may hear and dispose of the appeal in termtime or vacation and the Court may sustain or dismiss the appeal, modify or vacate the order complained of in whole or in part, as the case may be. In case the order is wholly or partly vacated the Court may also, in its discretion, remand the matter to the Commission for such further proceedings, not inconsistent with the Court's order as, in the opinion of the Court, justice may require. The order shall not be vacated or set aside either in whole or in part, except for errors of law, unless the Court finds that the order of the Commission is not supported by substantial evidence, is contrary to the manifest weight of the evidence, is in excess of the statutory authority or jurisdiction of the Commission, or violates constitutional rights.

Miss. Code Ann. § 77-3-72(4) (Supp. 1996).

**I. WHETHER THE COMMISSION'S DENIAL OF THE PROPOSED RATE INCREASE WAS SUPPORTED BY SUBSTANTIAL EVIDENCE?**

¶7. The Utility argues that the Commission's denial of a rate increase was unsupported by substantial evidence, and this Court agrees. The record indicates that the Utility had been receiving the base rate of $9.50 per month for five years. The experts clearly testified that -- despite competent economic management -- the base rate of $9.50 resulted in ongoing losses to the Utility. Even the intervenors conceded that the Utility was entitled to some increase.

¶8. The Utility must "at a minium, receive enough to enable it to render efficient and continuous service." *Mississippi Power Co. v. Goudy*, 459 So. 2d 257, 271 (Miss. 1984) (Hawkins, J., specially concurring). By statute, the Utility is entitled to a "fair rate of return" for its services. *See* Miss. Code Ann. § 77-3-33(1). *See also Southern Bell Tel. & Tel. Co. v. Mississippi Public Service Commission*, 113 So. 2d 622, 656 (Miss. 1959). "[A] fair rate is one which, under prudent and economical management, is just and reasonable to both the public and to the utility." *State ex rel. Pittman v. Mississippi Public Service Com'n*, 506 So. 2d 978, 984 (Miss. 1987); *Mississippi Public Service Com'n v. Mississippi Power Co.*, 429 So. 2d 883 (Miss. 1983). The public is entitled to demand that no more be exacted from the rate payers than the services are reasonably worth. *Southern Bell*, 113 So. 2d at 656. It is undisputed that the services provided by the Utility in this case were worth more than $9.50 per month.

¶9. The Commission's denial of a rate increase appears to have been based on its finding that the Utility was not providing adequate service. Without the benefit of a detailed finding of fact, it is difficult to discern the reasoning behind the Commission's decision; however, it appears that the denial of the rate increase was punitive. At the very least, the Commission's decision was "not supported by substantial evidence" and was "contrary to the manifest weight of the evidence." *See* Miss. Code Ann. § 77-3-72(4) (Supp. 1996). Furthermore, it is incomprehensible that the Commission's denial of a needed rate increase to a utility company that is operating at a loss will result in better service to the consumers.

¶10. Thus, the denial of any rate increase was unsupported by substantial evidence and was contrary to the manifest weight of the evidence. This case is reversed and remanded to the Commission for a determination of the amount of increase needed to "render efficient and continuous service." *See Goudy*, 459 So. 2d at 271.

## II. WHETHER THE COMMISSION MADE SUFFICIENT FINDINGS OF FACT IN REACHING THE CONCLUSION THAT THE RATE INCREASE SHOULD BE DENIED?

¶11. The Utility also argues that the Commission's decision was not sufficiently supported by findings of fact. Because this case is being remanded on the merits, this Court considers the issue only for the purpose of giving guidance to the Commission on remand. The relevant portion of the Commission's order states only, "White Cypress is not providing adequate service with the money available now and therefore is not entitled to an increase." The Commission did not set forth the persuasive evidence or the conclusions drawn therefrom, which were used in reaching this decision.

¶12. Miss. Code Ann. § 77-3-59 (Supp. 1992) mandates that the Commission "make and file its findings and order, and its opinion, if any. All findings shall be supported by substantial evidence presented and shall be in sufficient detail to enable the court on appeal to determine the controverted questions presented, and the basis of the Commission's conclusion."

¶13. In addition, this Court has consistently noted that "[t]he great weight of authority holds it to be better form for a fact-finding administrative agency or commission to make a finding of facts on which to base an award or reject a claim." *Rivers Construction Co. v. Dubose*, 130 So. 2d 865, 869 (Miss. 1961); *Mississippi Power Co. v. Mississippi Public Service Commission*, 291 So. 2d 541, 554 (Miss. 1974).

> [T]he question of rate making is one to be properly resolved by a specialized body having expertise in the rate-making field. Recognizing this premise, the Public Service Commission in fixing rates should evidence its expertise by incorporating in its order cogent reasons for its decision based on a finding of facts pertinent to the particular inquiry before it. Such order should set forth the basis on which the rates are fixed in accordance with the law applicable thereto; otherwise, courts are seriously hampered in the review of such order.

*Mississippi Power Co. v. Mississippi Public Service Commission*, 291 So. 2d 541, 554 (Miss. 1974).

> In a case where the evidence is adverse to the order of the Commission, unless the Commission makes a finding of fact, the reviewing court is placed in the awkward position of trying to ferret out sufficient evidence from the record to avoid holding that the order of the Commission is arbitrary and capricious, or that it is based on substantial evidence.

*Fortune Furniture Mfg. Co., Inc. v. Sullivan*, 279 So. 2d 644, 647 (Miss. 1973). This is the situation in which this Court is placed by the Commission's order in the instant case. Therefore, on remand, the Commission is instructed to make detailed findings, as mandated by law.

## CONCLUSION

¶14. The Commission's decision to deny a rate increase in this case was unsupported by substantial evidence. This case is reversed and remanded to the Commission for a determination of the necessary rate increase, which determination is to be supported by detailed findings of fact.

¶15. **REVERSED AND REMANDED TO THE MISSISSIPPI PUBLIC SERVICE COMMISSION FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**LEE, C.J., PITTMAN, BANKS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND ROBERTS, J.**

**McRAE, JUSTICE, DISSENTING:**

¶16. The majority states that the Public Service Commission overstepped its boundaries in not

granting the rate increase sought by White Cypress Lakes Water and directs the Commission to determine the increase. In an apparent about face, the majority then finds that Commission did not make a sufficient finding of facts. It appears that the majority is attempting to reward the Utility for providing inept service and, perhaps, even for mismanaging the funds available to it by saying that the water service is entitled to a rate increase. After today's decision, the Commission will be hard-pressed to deny a rate increase requested by any utility company regardless of its ability to provide services to its customers. Accordingly, I dissent.

¶17. As the majority states, the Public Service Commission found that "White Cypress is not providing adequate service for the money and therefore is not entitled to an increase." A closer review of the record shows that the Commission , indeed, did find facts sufficient to support its decision and we should not disturb it. The majority glosses over the fact that there was testimony about the poor service provided by the utility.

¶18. The Commission is a special body with special expertise. It is charged with the responsibility of seeing that utility services charge a fair rate, "one which, under prudent and economical management, is just and reasonable to both the public and the utility." *Pittman v. Miss. Public Service Comm'n,* 506 So. 2d 978, 984 (Miss. 1987)(quoting *Miss. Public Service Comm'n v. Miss. Power Co*., 429 So. 2d 883 (Miss. 1983)). Pursuant to Miss. Code Ann. § 77-3-72(4) (1991), this Court shall not vacate an order of the Commission unless it is unsupported by substantial evidence, is contrary to the manifest weight of the evidence, is in excess of statutory authority, or violates constitutional rights. Based on the evidence in the record, I therefore would affirm the Commission's refusal to grant the rate increase sought by the Utility.

**SULLIVAN, P.J., AND ROBERTS, J., JOIN THIS OPINION.**