# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-UR-00607-SCT

*TOTAL ENVIRONMENTAL SOLUTIONS, INC.*

*v.*

*MISSISSIPPI PUBLIC SERVICE COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2007 |
| TRIAL JUDGE: | HON. JAYE A. BRADLEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | RICKY J. COX |
| | BEN HARRY STONE |
| | LEO ERNEST MANUEL |
| ATTORNEY FOR APPELLEE: | VALERIE LYNN CARLISLE |
| NATURE OF THE CASE: | CIVIL - UTILITY RATE |
| DISPOSITION: | REVERSED AND REMANDED - 06/26/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from a final judgment of the Jackson County Chancery Court which affirmed a final order of the Mississippi Public Service Commission ("Commission") regarding an increase in rates for water service provided by Total Environmental Solutions, Inc. ("TESI") in Adams, Hancock, Harrison, and Jackson Counties.

¶2.     We find that the Commission's order was not supported by substantial evidence and was contrary to the manifest weight of evidence. We therefore reverse the chancery court's judgment and remand the case to the Commission.

**FACTS AND PROCEDURAL HISTORY**

¶3.     On February 10, 2006, TESI filed a notice of intent to change its water service rates presently on file with the Commission.[1] The Commission recognizes that TESI followed all procedural requirements of notice and filing, and states that "no appeal is taken regarding notice, pre-hearing or hearing rules." TESI requested a flat-rate increase of $26.19 per month, which would bring a residential customer's monthly water rate from $19.80 to $45.99. They also requested a metered rate increase of $18.59 for the first 2,000 gallons, $2.32 for every 1,000 gallons between 2,001 and 5,000, and $2.66 for every 1,000 gallons over 5,000 gallons, which would bring the metered rates to a total of $32.59, $4.07, and $4.66 respectively. Part of the utility rate docket includes "pre-filed testimony," which consists of questions prepared and reviewed by counsel and answered by a witness in written form. This pre-filed testimony can include tables and schedules which reflect expenses and revenue relevant to the proceedings. TESI submitted pre-filed testimony and exhibits from Paul E. Maeder, the chief executive officer of TESI, and Gary D. Shambaugh, a paid third-party financial consultant, to support the rate increase. TESI's last rate proceeding was in 2001, shortly after it obtained the sewerage and water properties from the Johnson Properties, Inc., bankruptcy proceedings.

¶4.     On February 15, 2006, the Commission suspended the filing and requested that the Public Utilities Staff ("Staff") conduct a full investigation of the proposed rates and charges set forth in TESI's Notice of Intent. The Staff is an independent state agency, separate from

---

[1] The notice of intent was for both water and sewer service, but only the imposed water rates are on appeal at this time.

the Mississippi Public Service Commission, established by the Mississippi Legislature to investigate utility filings in order to ensure that the interests of all parties are served. Miss. Code Ann. § 77-2-1 (Rev. 2000). The Staff conducted a three-month investigation of TESI's proposed rate increase and reviewed more than one hundred data request responses. As a result of the investigation, the Staff and TESI entered into and filed with the Commission a stipulation altering the amount of the proposed rate increase. The Staff and TESI stipulated and testified at a hearing that an increase in the monthly flat rate to $36.00, and an increase in the monthly metered rate to $25.50 for the first 2,000 gallons, $3.18 for every 1,000 gallons consumed between 2,001 and 5,000, and $3.64 for every 1,000 gallons over 5,000 gallons was just and reasonable for both TESI and its customers. Also, per discussion held on April 26, 2006, at a prehearing conference, TESI agreed to remove all Katrina-related expenses from the present rate case, and those expenses were removed.[2]

¶5. The consolidated hearings on TESI's water and sewerage filings were held on May 16, 2006. Intervenors by order of the Commission included: Jourdan River Shores Property Owner's Civic Association, Inc. ("Jourdan River Shores"); Barry I. Fox; Windance Property Owners Association ("Windance"); Lake Village Property Owners Association ("Lake Village"); Ray Boudreau; and the Jackson County Board of Supervisors. In addition to TESI and the Staff, representatives from SunUp Limited Partnership,[3] Windance, Lake Village, North Ridge Subdivision, Oak Grove Subdivision, and the Mississippi Department of

---

[2] TESI, along with much of the Mississippi coastal area, experienced significant losses as a result of Hurricane Katrina.

[3] SunUp intervened only in relation to the sewerage proceedings.

3

Environmental Quality appeared at the hearing, along with public witnesses. Testimony regarding the proposed water rates was given by Paul E. Maeder, CEO of TESI; Gary D. Shambaugh, Vice President of AUS Consultants, Inc.; and public witnesses Thomas L. Price and Joe Leopold.

¶6. On August 1, 2006, the Commission entered an order denying the proposed and stipulated rates, and instituted a monthly flat rate of $27.00, an increase of approximately $7.00. The order also imposed a mandatory flat rate on all of TESI's customers, to remain in effect for a period of five years, regardless of TESI's present or future ability to provide metered rates. On August 25, 2006, TESI filed its notice of appeal with the Chancery Court of Jackson County. On February 13, 2007, a hearing was held in relation to TESI's appeal, and on February 26, 2007, the chancery court issued a ruling affirming the Commission's Order. The final order was entered on March 20, 2007.

¶7. The issue on appeal is:

**WHETHER THE COMMISSION'S DENIAL OF THE STIPULATED RATE INCREASE BETWEEN TESI AND THE STAFF IS SUPPORTED BY SUBSTANTIAL EVIDENCE.**

**STANDARD OF REVIEW**

¶8. The Court may hear and dispose of the appeal in termtime or vacation and the Court may sustain or dismiss the appeal, modify or vacate the order complained of in whole or in part, as the case may be. In case the order is wholly or partly vacated the Court may also, in its discretion, remand the matter to the Commission for such further proceedings, not inconsistent with the Court's order as, in the opinion of the Court, justice may require. The order shall not be vacated or set aside either in whole or in part, except for errors of law, unless the court finds that the order of the Commission is not supported by substantial evidence, is contrary to the manifest weight of the evidence, is in excess of the statutory authority or jurisdiction of the Commission, or violates constitutional rights.

***White Cypress Lakes Water, Inc. v. Miss. Pub. Serv. Comm'n***, 703 So. 2d 246, 248 (Miss. 1997) (citing Miss. Code Ann. § 77-3-67 (Rev. 2000)).

## DISCUSSION

¶9.     TESI argues that the Commission's denial of the water rate stipulated by the Staff and TESI is unsupported by substantial evidence. Mississippi Code Annotated Section 77-3-59 (Rev. 2000) states that "[t]he commission shall make and file its findings and order, and its opinion, if any. All findings shall be supported by substantial evidence presented and shall be in sufficient detail to enable the court on appeal to determine the controverted questions presented, and the basis of the commission's conclusion."

¶10.     The Commission points out that this Court has held an order of the MPSC to be presumptively valid. ***State ex rel. Pittman v. Miss. Pub. Serv. Comm'n***, 538 So. 2d 387, 394 (Miss. 1989). Also, the "reasonableness of public utility rates is not determined by definite rules and legal formulas, but is a fact question requiring the exercise of sound discretion and independent judgment in each case." ***Id***. While this may be true, this Court has further noted that "the Public Service Commission in fixing rates should evidence its expertise by incorporating in its order cogent reasons for its decision based on a finding of facts pertinent to the particular inquiry before it," and that such orders should "set forth the basis on which the rates are fixed . . . otherwise, courts are seriously hampered in the review of such order[s]." ***White Cypress***, 703 So. 2d at 249.

¶11.     This Court has held that a utility must, at a minimum, receive enough of a return to enable it to render efficient and continuous service. ***Miss. Power Co. v. Goudy***, 459 So. 2d 257, 271 (Miss. 1984). By statute, a utility is entitled to a "fair rate of return" for its services.

5

Miss. Code Ann. § 77-3-33(1) (Rev. 2000). "A fair return is one which, under prudent and economical management, is just and reasonable to both the public and the utility." ***Miss. Pub. Serv. Comm'n v. Miss. Power Co.***, 429 So.2d 883 (Miss. 1983). In conjunction with numerous filings and reports, TESI's chief executive officer stated in his pre-filed testimony that TESI required the requested rate increase to maintain financial strength and credit quality. He then went on to state that "[w]e must, regardless of market conditions, have this financial flexibility to provide adequate, reliable service to our customers at a reasonable cost." Shambaugh, executive vice president of AUS Consultants, said in his pre-filed testimony that the requested rate increase would improve the financial condition of TESI's Mississippi water utility systems, and that the improvements made by TESI could not be maintained without the rate increase. Ron Brewer, Staff senior accountant, who conducted extensive research into the requested rate increase, stated that the stipulated rate increase was just and reasonable. However, the Commission did not accept the numbers and testimony provided by the Staff, TESI, and TESI's expert witness.

¶12.  In its final order, the Commission found the evidence presented by TESI to be "unpersuasive to support the provisions and numerical adjustments requested particularly in light of the current conditions of the area." Also, the Commission did not accept the recommendation of the Staff and stated that it was "excessive and not supported by the evidence when viewed in light of the totality of the circumstances." The Commission went on to state further that the increase in net rate base of $3,359,320 and the operating expenses of $1,277,377 were not just and reasonable in light of the circumstances. The Commission then imposed a rate increase of $7.20, but gave no support or finding of fact as to how it

reached this amount. On appeal before the chancery court, the chancellor asked upon what the Commission based its rate increase. The Commission responded that, "[t]here really wasn't a deep explanation of what numbers were not accepted and why they were not accepted." In fixing the rate, the Commission did not "evidence its expertise by incorporating in its order cogent reasons for its decision based on a finding of facts pertinent to the particular inquiry before it." *White Cypress*, 703 So. 2d at 249. In fact, the Commission set forth no basis at all on which the flat rate was fixed and the metered rate was abolished.

## CONCLUSION

¶13.  For the foregoing reasons, this Court finds that the Commission's order was not supported by substantial evidence and was contrary to the manifest weight of the evidence. We reverse the chancery court's judgment and remand the case to the Commission for further findings consistent with this opinion.

¶14.  **REVERSED AND REMANDED**.

**WALLER, P.J., EASLEY, CARLSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DICKINSON, J., NOT PARTICIPATING.**